IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROY A. COMBS, § | |
|     Petitioner, § | |
| § | No. 3:18-cv-3345-N (BT) |
| v. § | |
| § | |
| WARDEN ERIC A. WILSON, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Roy A. Combs, a federal inmate currently incarcerated at the Federal Medical Center in Fort Worth, Texas, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should DENY Combs's § 2241 petition.

I.

Combs was convicted of conspiracy to possess with intent to distribute and distribution of more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. *United States v. Combs*, No. 3:03-cr-188-N (N.D. Tex.). The district court sentenced Combs to 296 months' imprisonment. On July 24, 2006, the Fifth Circuit affirmed Combs's conviction and sentence. *United States v. Combs*, 191 F. App'x 319, 322 (5th Cir. 2006). Eighteen months later, on January 7, 2008, Combs filed a motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. *Combs v. United States*, No. 3:08-cv-032-N (N.D. Tex.). The district court denied the motion, and the Fifth Circuit denied a certificate of appealability. *United States*

*v. Combs*, No. 09-10755 (5th Cir. Mar. 5, 2010). On May 26, 2017, Combs filed a successive § 2255 petition, which the district court transferred to the Fifth Circuit, *Combs v. United States*, No. 3:17-cv-1678-N (N.D. Tex.), and the Fifth Circuit dismissed, *Combs v. United States*, No. 17-10724 (5th Cir. Aug. 8, 2017). Now, Combs has filed this § 2241 petition, in which he argues: (1) he is actually innocent because he was working as a confidential informant for the Dallas Police Department when he was arrested on his federal case, and (2) he received ineffective assistance of counsel when counsel failed to inform federal prosecutors that he was a confidential informant.

II.

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the*

2

> *remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (2017) (emphasis added).

Combs bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy"). The savings clause applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the movant may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the movant's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Here, Combs does not rely on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. He has also failed to show that his claim was foreclosed by circuit law at the time of his trial or previous § 2255 petitions. Combs has thus failed to satisfy the requirements of the savings clause, and his petition should be denied.

III.

For the foregoing reasons, the Court should DENY Combs's § 2241 petition.

3

Signed December 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4